# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-03133-01-CR-S-MDH |
| | ) | |
| RYON L. WOODY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Ryon L. Woody's First Motion to Suppress Evidence and Statements. (Doc. 49). The magistrate judge submitted a Report and Recommendation on the Motion. (Doc. 74). For the reasons set forth in this order, the Report and Recommendation is adopted and the First Motion to Suppress Evidence and Statements is **DENIED**.

## BACKGROUND

Defendant is charged by Indictment with one count of conspiracy to manufacture 100 or more marijuana plants between June 30, 2017 and October 17, 2018 and one count of knowingly possessing firearms while knowing he was an unlawful user of a controlled substance. (Doc. 1).

He moves for suppression of "property seized or statements made in connection with the search, on or about October 23, 2018, of 109 South Cedarwood Ave, Republic, Greene County, Missouri." (Doc. 49 at 1). In support, he argues the "affidavit supporting the issuance of the warrant contained false statements, was not supported by probable cause and resulted in unfair prejudice to Defendant." *Id*. An evidentiary hearing was conducted on October 21, 2020. (Doc. 69).

Sergeant Allen Bayer ("Sgt. Bayer") has been employed as an investigator for the Greene County Sheriff's Office ("GCSO") since 2006. He has received training with respect to the detection or investigation of controlled substances and has conducted several investigations

involving marijuana. On October 15, 2018, a warrant to search 8979 N. State Highway V, Ash Grove, Greene County, Missouri ("8979 N. State Highway V") was issued by a judge of the Circuit Court of Greene County, Missouri (the "first warrant"). On the same date, officers executed the first warrant at 8979 N. State Highway V. The officers located and seized several marijuana plants in a barn on the property, some of which were packaged in large lawn-size garbage bags. During the execution of the first warrant, a black GMC truck, registered to Defendant, was observed parked next to the barn. At the time the first warrant was executed, Defendant and his wife, Jamie Woody, were purchasing 8979 N. State Highway V under a contract for deed.

After the first warrant was executed, Sgt. Bayer determined Defendant's address to be 109 S. Cedarwood in Republic, Missouri ("109 S. Cedarwood"). Sgt. Bayer also conducted a search of Defendant's background as to his "criminal history, any possible police interaction, contact with him, where he might have been listed as a suspect, anything related to anything regarding marijuana itself." (Doc. 72 at 81.) He specifically obtained Defendant's criminal history from the Missouri Uniform Law Enforcement System ("MULES") and also searched for any reports related to Defendant in the GCSO records system ("GCSO system"). MULES showed a report of "manufacturing delivering of an imitation controlled substance" for Defendant and indicated this was a felony offense but did not specify whether it was an arrest, charge, or conviction. *Id*. at 82. The GCSO system showed that a case regarding the possession of marijuana by Defendant had been submitted to the prosecutor's office for review in 2003.

On October 17, 2018, Sgt. Bayer and Detective Gregory Tiller of the GCSO traveled to 109 S. Cedarwood to conduct a "trash rip" where they would "retrieve items that had been discarded, curbside for removal." *Id*. at 85. Upon arrival at 109 S. Cedarwood, the officers found a trash receptacle placed curbside. They removed two trash bags from inside the trash receptacle

and took them to another location for examination. Inside one of the bags, the officers found a green leafy substance wrapped in a paper towel. Based on his training and experience, Sgt. Bayer believed the green leafy substance was marijuana.

On October 18, 2018, Sgt. Bayer filed a written application for a second warrant to search the location "commonly known as 109 South Cedarwood Avenue, Republic, and Greene County, Missouri, 65738." (Doc. 70, Government's Ex. 8.) Attached to the application was a verified affidavit in support, which included the following information:

> Detective Sergeant Allen Bayer served a state issued search warrant at 8979 North State Highway V, Ash Grove, Greene County, Missouri. As a result, a large outdoor marijuana grow was recovered as well as a large amount of freshly harvested marijuana plants that were rolled up in tarps and packaged in large black plastic trash bags. During the execution of the warrant, a vehicle was discovered parked next to the west entrance to a barn on the property were (sic.) the marijuana plants were stored. The vehicle was registered to Ryon Woody, 109 South Cedarwood Avenue, Republic, Greene County, Missouri. The marijuana being stored in large plastic bags is common when the intentions are to transport it to another location for processing.
>
> During the investigation, the property at was found to be under contract for deed to Ryon and Jamie Woody of Republic, Missouri. Checking resources available to me, I identified Ryon [] as [] a white male [] with an address of 109 South Cedarwood Avenue, Republic, and Greene County, Missouri, 65738, with a criminal history to include, Felony Distribution Delivery Manufacture Controlled Imitation Drug, and Possession of Marijuana.
>
> On October 17, 2018, Detective Greg Tiller and I travelled to 109 South Cedarwood Avenue. I observed a red in color Chevrolet Truck bearing Missouri License 5FV410, registered to Ryon Woody parked in the driveway of the residence. I observed a green in color trash container sitting curbside on the north side of the driveway of the residence. It appeared left curbside for removal by the trash service, based on my training and experience. Detective Greg Tiller removed two white in color trash bags from inside the container. I transported the trash bag to another location for examination. While searching the contents of the bag, I located several small pieces of green plant-like material I knew to be marijuana, based on my training and experience, attached to a small white paper towel. The items were photographed and placed in evidence at the Greene County Sheriff's Office.

*Id.* On the same date, a Judge of the Circuit Court of Greene County, Missouri reviewed the application and issued the second warrant. *Id.* On October 23, 2018, officers executed the second warrant at 109 S. Cedarwood, where they located and seized several items, including thirteen firearms and assorted pieces of ammunition. *Id.*

## STANDARD

The Fourth Amendment protects citizens from unreasonable searches and seizures by the government. *See* U.S. Const. amend. IV; *United States v. Va Lerie*, 424 F.3d 694, 701 (8th Cir. 2005). Generally, evidence found as a result of an unlawful search or seizure, and the fruits therefrom, cannot be used against a defendant and must be suppressed. *United States v. Riesselman*, 646 F.3d 1072, 1078-79 (8th Cir. 2011).

## DISCUSSION

Defendant raises two arguments for suppression. First, he claims that the warrant affidavit "falsely stated that Defendant [] had a 'criminal history to include, Felony Distribution Delivery Manufacture Controlled Imitation Drug, and Possession of Marijuana.'" (Doc. 49 at 2). Second, he argues that, absent the statement about Defendant's criminal history, the warrant was not supported by probable cause.

Under *Franks v. Delaware*, a hearing regarding allegedly false statements is appropriate when "[1] the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [2] if the allegedly false statement is necessary to the finding of probable cause," 438 U.S. 154, 155-56 (1978). Defendant fails to make the necessary showing under the first prong of *Franks*. Even assuming that Defendant did do so, probable cause existed absent the allegedly false statement and the second prong of *Franks* fails in this case.

## A. The allegedly false statement

The first prong of *Franks* requires that Defendant make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. *Franks*, 438 U.S. 155-56. This rule was expanded to allow a *Franks* hearing when there is a deliberate or reckless omission from the warrant affidavit. *United States v. Reivich*, 793 F.2d 957, 960 (8th Cir. 1986). The affidavit is presumed to be valid, and thus the defendant must offer proof to support his allegations of falsity. *Franks*, 438 U.S. at 171. This requires a "substantial preliminary showing comprised of specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007) (cleaned up).

To recklessly disregard the truth, an affiant "must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information." *United States v. Reed*, 921 F.3d 751, 756 (8th Cir. 2019) (cleaned up). Further, an omission is made with reckless disregard for the truth "when the material omitted would have been clearly critical to the finding of probable cause." *Id.* Every aspect of the affidavit need not be absolutely truthful. Rather, "it is to be truthful in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Franks*, 438 U.S. at 165.

If, after a hearing, the court finds that a false statement was made knowingly or recklessly in the warrant affidavit, and, without the false statement, probable cause is lacking, then the search warrant must be voided and the fruits of the search excluded from evidence. *Franks*, 438 U.S. at 155-56.

Here, Sgt. Bayer stated in the probable cause section of the warrant affidavit that Defendant has "a criminal history to include, Felony Distribution Delivery Manufacture Controlled Imitation

Drug, and Possession of Marijuana." Defendant argues this statement is false, referring to it as "the allegation of a prior felony drug trafficking conviction." (Doc. 49 at 4). He further claims that Sgt. Bayer "knew or should have known that no one residing at 109 South Cedarwood Avenue in Republic, Missouri, had ever been convicted of a drug trafficking or felony possession of a controlled substance offense." *Id*. at 2-3. However, the warrant affidavit does not state that Defendant had any criminal "conviction." Instead, the affidavit refers to Defendant's criminal "history." Sgt. Bayer testified that he obtained the criminal history information that he included in the affidavit from MULES and the GCSO system, and there was no evidence presented to contradict the statement in the affidavit. Case law furthermore indicates that a "criminal history" may include arrests. *United States v. Stevens*, 530 F.3d 714, 719 (8th Cir. 2008). Therefore, the Court finds hat there was no false statement in the warrant affidavit, and Defendant cannot satisfy the first prong of *Franks*.

## B. Probable cause absent the allegedly false statement

Even if the Court assumes that the first prong of *Franks* is satisfied in this case, the warrant affidavit would have established probable cause to search 109 S. Cedarwood is the allegedly false criminal history information was removed from the affidavit. A warrant is valid when it "is supported by facts that would justify a prudent person in the belief that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Thurmond*, 782 F.3d 1042, 1044 (8th Cir. 2015) (cleaned up). The decision as to whether there is probable cause is determined only by the information contained within the four corners of the affidavit. *United States v. O'Dell*, 766 F.3d 870, 874 (8th Cir. 2014) (cleaned up). A probable cause determination must be supported by a nexus "between the contraband being sought and the place to be searched." *United States v. Keele*, 589 F.3d 940, 943 (8th Cir. 2009) (cleaned up). A

reviewing court should pay "great deference" to an issuing judge's probable cause determination and simply ensure there was a "substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 236, 238-239.

Eighth Circuit case law suggests that the marijuana found by Sgt. Bayer in the trash outside of 109 S. Cedarwood would be "independently adequate to establish probable cause." *United States v. Briscoe*, 317 F.3d 906, 908 (8th Cir. 2003). As a threshold matter, no Fourth Amendment violation occurred when the officers removed the two trash bags left curbside in a trash receptacle. See *United States v. Spotted Elk*, 548 F.3d 641, 653 (8th Cir. 2008) (citing *California v. Greenwood*, 486 U.S. 35, 40-43 (1988)) ("Police may search trash left outside the curtilage of the house to be picked up by garbage collectors, because the owners of the trash have abandoned it"). Next, Sgt. Bayer's identification of the green leafy substance found in one of the trash bags as marijuana is credible considering his training and 12 years of experience as an investigator, which includes several investigations involving marijuana. See *United States v. McClellon*, 578 F.3d 846, 850-51 (8th Cir. 2009) (search warrant was based on investigation, including "tobacco pouch containing a green leafy substance ... that [investigator] believed to be marijuana").

In *Briscoe*, the court found that marijuana seeds and stems found in the defendant's garbage were sufficient stand-alone evidence to establish probable cause for a warrant to search the defendant's residence. *See also United States v. Thurmond*, 782 F.3d 1042, 1046 (8th Cir. 2015) (discovery of two marijuana roaches in trash provided probable cause); *United States v. Allebach,* 526 F.3d 385 (8th Cir. 2008) ("a reasonable magistrate would conclude the materials found in the trash ... were sufficient to establish probable cause that cocaine was being possessed and consumed in Allebach's residence.").

In addition, the marijuana found in the trash outside of 109 S. Cedarwood was not the only information contained in the warrant affidavit that could have contributed to establishing probable cause. The warrant contained additional information regarding the seizure of a large amount of marijuana at a marijuana growing operation at 8979 N. State Highway V. That property was under a contract for deed to be purchased by Defendant and his wife, and a truck registered to Defendant was found on the property next to the barn where the marijuana was stored.

In conclusion, even after removing the allegedly false statement regarding Defendant's criminal history, the warrant affidavit still established probable cause to search 109 S. Cedarwood. Therefore, the second prong of *Franks* is also not satisfied, and Defendant's Motion fails.

## C. Fruit of the poisonous tree

Defendant moves for the suppression of any statements as fruit of the poisonous tree. (Doc. 72 at 3-4). Under the fruit of the poisonous tree doctrine, the exclusionary rule bars the admission of evidence obtained directly or indirectly through the exploitation of police illegality. *See Wong Sun v. United States*, 371 U.S. 471, 484-88 (1963). As discussed above, however, there was no unlawful search or seizure. Consequently, Defendant's fruit of the poisonous tree argument is unsupported.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted and Defendant's First Motion to Suppress Evidence and Statements is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 26, 2021                                 */s/ Douglas Harpool*
                                                          **DOUGLAS HARPOOL**
                                                          **United States District Judge**